IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| VIRGINIA A. NODINE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:09-CV-113 (WLS) |
| | : | |
| JOHN E. POTTER, *Postmaster General of* | : | |
| *The United States Postal Service*, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Presently pending before the Court is a Report and Recommendation from United States Magistrate Judge Charles H. Weigle. (Doc. 47.) Judge Weigel recommends that the Court deny Plaintiff's Motion for Reconsideration of the Court's July 9, 2012 Order denying Plaintiff's Motion for Appointment of Counsel. (*Id.* at 10.) At the Court's request, Judge Weigel held an evidentiary hearing on September 6, 2012, to determine whether Plaintiff's financial and medical condition warranted the appointment of counsel. (Doc. 42.) Judge Weigel has found that neither condition justifies doing so. (Doc. 47 at 10.)

The Report and Recommendation provided the Parties fourteen days[1] from the date of its service to file written objections to the recommendations therein. (*Id.*) The period to file objections expired October 29, 2012. To date, Plaintiff has not filed an objection. (*See* Docket.)

In any event, the Court agrees with Judge Weigel's well-reasoned and exhaustive recommendation. There is no constitutional right to counsel in civil cases. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). The Court should appoint counsel "only in exceptional

---

[1] The Parties were given an additional three days because service was made by mail. See Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

1

circumstances, 'such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" *Collins v. Homestead Corr. Inst.*, 352 F. App'x 848, 849 (11th Cir. 2011) (quoting *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). As Judge Weigel noted, courts consider a number of factors to determine whether exceptional circumstances exist, including the case's complexity, the litigant's capability, whether the litigant is in a position to adequately investigate her case, and whether the case requires some skill in presenting evidence and in cross-examination. (Doc. 47 at 8 (quoting *Collins*, 352 F. App'x at 850)).

Judge Weigel is correct that none of those factors weigh in Plaintiff's favor. Plaintiff's complaint sets forth a standard case of disability discrimination and retaliation. It is neither novel nor complex. Plaintiff's activity before and during this case indicate she is capable of presenting and investigating her case. The Court notes also that discovery and related matters have long been completed in this case. Therefore, the need for investigation is moot. Judge Weigel found that Plaintiff's mental conditions appeared only "moderately limiting" during the September 6, 2012 hearing, and she was "composed, organized, and articulate" during her testimony. (Doc. 47 at 9.) Finally, Plaintiff's financial condition—which includes joint spousal income in excess of $100,000—shows she is far from indigent.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 47) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions made herein. Plaintiff's Motion for Reconsideration (Doc. 38) is **DENIED**.

Based on this Order and the case's docket, the Court further finds that the case is ready to proceed to trial. Therefore, the schedule is as follows. The case is hereby set for the Court's May Macon trial term, beginning May 20, 2013. The Court finds that a May trial date gives Plaintiff adequate time to acquire an attorney and for the attorney to prepare or for Plaintiff to prepare and present her case. At the same time, the Court is aware of Defendant's concerns about the age of this case and the retirements and personnel changes at the Post Office. (*See* Doc. 29 ¶ 3.) For that reason, the Court will allow either party upon proper notice to conduct additional depositions for witnesses to be used at trial, in the event that said witnesses are "unavailable" for trial under Rule 804 of the Federal Rules of Evidence, until April 30, 2013. Both Parties will be permitted to attend all depositions, if they so choose.

The Parties are **NOTICED** that failure to comport with this Order may result in sanctions, including dismissal of this action.

**SO ORDERED**, this   14th   day of December 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**